**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JUSTIN A. TAHAI,<br>Plaintiff,<br><br>v.<br><br>PATRICK S. BEDARD, individually,<br>Defendant. | **Civil Action No. NEW CASE**<br><br>**MOTION FOR LEAVE TO FILE NEW CIVIL ACTION AND REQUEST FOR PREFILING JUDICIAL REVIEW, TO THE EXTENT REQUIRED** |

Plaintiff respectfully moves, *to the extent required by the July 7, 2026 order in Tahai v. Pollack, No. 2:26-cv-00211-LEW (D. Me.), Dkt. 22*, for leave to open the attached new civil action. Plaintiff does not ask this Court to revisit or invalidate that filing-restriction order. He presents the new action transparently so that the Clerk need not guess whether prefiling review is required.

**RELEVANT RESTRICTION**

**1.** On June 24, 2026, the Court warned Plaintiff that continued filing of notices and addenda in No. 2:26-cv-00211-LEW could result in a filing restriction under Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993).

**2.** On July 7, 2026, after additional notice/addendum filings in that closed matter, the Court entered Docket 22. The order states that Plaintiff's right to docket filings "in this matter" was restricted and that future filings "of this nature" would be reviewed by a judicial officer before docketing and could be rejected if inappropriate to the proceedings.

**3.** This submission is not another notice, addendum, or supplemental filing in No. 2:26-cv-00211-LEW. It is submitted as a NEW CIVIL ACTION against Patrick S. Bedard individually, with a completed civil cover sheet and an application to proceed without prepayment of fees or costs.

**WHY THE NEW ACTION IS MATERIALLY DIFFERENT**

**1.** The attached complaint pleads one federal theory: whether Defendant Bedard, a private attorney, became a state actor for a specifically proven act through willful joint participation with a state judicial actor under Dennis v. Sparks, 449 U.S. 24 (1980), and Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). It expressly disclaims the proposition that an attorney becomes a state actor merely by being an officer of the court, submitting proposed orders, or obtaining favorable rulings.

**2.** The complaint does not name Judge John B. Lucy, the State of Maine, the Maine Judicial Branch, the State Court Administrator, or any other state official as a defendant. It seeks no damages from Maine, the Judicial Branch, or Maine taxpayers.

**3.** The complaint does not reassert the transcript-access claim dismissed in No. 2:26-cv-00211-LEW. The $1,515.90 commercial-transcript estimate appears only as context for why the existing native audio is a proportional evidentiary source. State administrative offices are treated as potential nonparty record custodians, not as substantive defendants.

**4.** The complaint does not ask this Court to reverse, modify, or supersede the February 11, 2026 Maine family-court order; determine custody, contact, or parental rights; or function as an appellate court over the state judgment. State-court merits challenges remain in the state process.

**5.** Historic material from 2011 through 2016 is included only as notice and foreseeability context. The preserved family/GAL record reflects that child-impact, disparagement/undermining, access-control, and

records-access disputes were raised years before 2026 and had entered formal court proceedings by 2016. No independent § 1983 claim or damages demand is asserted here for those older events.

**6.** The pleading is deliberately candid about the present evidentiary limit. Plaintiff does not allege as fact that he possesses an undisclosed ex parte communication or a direct admission of agreement between Bedard and a judge. He pleads the concrete sequence presently documented and identifies the narrow records capable of confirming or disproving joint participation. This identification is made consistently with Fed. R. Civ. P. 11(b)(3).

**REQUEST**

Plaintiff respectfully requests that the Court: (1) determine that the July 7, 2026 restriction does not bar opening this new action, or, to the extent prefiling authorization is required, grant leave to file it; (2) direct the Clerk to open the case and process the accompanying IFP application and case-opening documents; and (3) if the Court concludes that an additional procedural step is required before opening the action, identify that step rather than treating the submission as another notice or addendum in No. 2:26-cv-00211-LEW.

Dated: September 16, 2026

/s/ Justin A. Tahai
Justin A. Tahai, Plaintiff pro se
299 Elm Street
North Berwick, ME 03906
(207) 651-5633
justintahai@gmail.com