**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JUSTIN A. TAHAI,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:26-cv-00454-LEW** |
| | ) | |
| **PATRICK S. BEDARD,** | ) | |
| | ) | |
| **Defendant** | ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Justin A. Tahai's motion to proceed *in forma pauperis*, ECF No. 7, his complaint (ECF No. 3) is before me for preliminary review, *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court must, after granting IFP status, "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

In his complaint, Tahai brings a Fourteenth Amendment claim against Attorney Patrick S. Bedard, alleging that Bedard became a state actor under 42 U.S.C. § 1983 through joint action with the judge in a state court child custody case where Bedard represented the party opposite Tahai. *See* Complaint. Tahai acknowledges that his complaint "does not establish every detail of the joint-action element," Complaint at 1, so he moves for limited early discovery to investigate his claim, *see* ECF No. 6.

"[M]erely resorting to the courts and being on the winning side of a lawsuit

does not make a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Rather, a plaintiff alleging that a defendant conspired with a judge must plausibly allege the existence of an agreement between the judge and the defendant to rule in the defendant's favor. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Penn. 2014). Here, Tahai's allegations focus on Bedard filing a challenged motion in limine and the state court judge adopting some of Bedard's proposed findings of fact after an evidentiary hearing. *See* Complaint 2-3. It almost goes without saying that simply recounting typical happenings in a custody case falls well short of plausibly alleging the existence of an agreement between Bedard and the state court judge to deprive Tahai of a fair process. *See Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." (cleaned up)).

Likewise, because Tahai has not plausibly alleged joint action between Bedard and the state court judge, he is not entitled to discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (noting that "the doors of discovery" are "not unlock[ed]" "for a plaintiff armed with nothing more than conclusions"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal

agreement.”).

For these reasons, I recommend that the Court **DISMISS** Tahai’s complaint for failure to state a claim and **MOOT** any other pending motions.

## ***NOTICE***

***A party may file objections to those specified portions of a Magistrate Judge’s report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court’s order.***

Dated: November 16, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge